IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXTECH CONSUMER PRODUCTS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BOSCH TOOL CORP., AND ROBERT BOSCH GMBH, <br><br> Defendants. | Case No.  1:15-cv-05951 <br><br> Judge Gary Feinerman <br><br> **REDACTED VERSION** |

**MAXTECH CONSUMER PRODUCTS, LTD.'S SURREPLY MEMORANDUM IN OPPOSITION TO BOSCH'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Maxtech Consumer Products, Ltd. ("Maxtech") now files its surreply in opposition to the Motion for Summary Judgment of Defendants Robert Bosch Tool Corp. ("Bosch Tool") and Robert Bosch GmbH ("Bosch GmbH") (collectively "Bosch").

## I. INTRODUCTION

In its Reply Memorandum, Bosch inappropriately advances a new argument pertaining to Maxtech's inclinometer claim that was not otherwise addressed in Bosch's revised Motion for Summary Judgment. Specifically, Bosch asserts in its Reply for the first time that "it is undisputed that the Maxtech [inclinometer] prototypes were never marked confidential pursuant to the 2009 NDA." (Bosch Reply at 14-15). However, Bosch never raised this issue in its Motion for Summary Judgment. Critically, in support of this new argument, Bosch relies on no evidentiary support, just attorney argument that the prototypes were unmarked.

Further, Bosch has misstated material facts and mischaracterized the events giving rise to Maxtech's claims.

## II. ARGUMENT

### A. Bosch Inappropriately Raises New Arguments In Its Reply Memorandum

Bosch attempts to take a second bite at the apple by raising a new argument that ought to have been raised in its Motion for Summary Judgment. Bosch now contends that Maxtech inclinometer prototypes shared with Bosch were not marked confidential per the terms of the 2009 NDA. Not only is this argument novel and inappropriately raised in reply, but it also mischaracterizes and omits critical facts.

The 2009 NDA required that information considered confidential by the disclosing party shall be clearly marked as "'Confidential' **or** 'Proprietary' or in a similar manner" not simply "confidential" as Bosch contends. First, product sheets and documents provided to Bosch disclosed the proprietary nature of Maxtech's inclinometer technology. Indeed, certain of the

sheets displayed the disclaimer "Private and Confidential – Maxtech Consumer Products Limited." (Exhibit A). Contrary to Bosch's assertion that Maxtech failed to adequately mark its prototypes and other information confidential, Bosch representative Steve Angus explicitly acknowledged at several points during his deposition that Maxtech did indeed use confidentiality labels to signify the confidential and proprietary nature of the information it shared:



(Angus Dep. 48:23-49:15).

Second, although Bosch has never returned the two Maxtech inclinometer prototypes, a photograph of a screen capture on the sister prototype in Maxtech's possession unmistakably

discloses the proprietary nature of inclinometer technology that Maxtech shared with Bosch under the 2009 NDA. (Smith Decl. ¶¶1-3). The live display of each prototype clearly showed a copyright disclaimer, disclosing that the inclinometer was, in fact, "proprietary":

 

(Smith Decl. ¶3).

Documentary evidence shows that the sister prototype was created prior to or at the latest concurrently with the two prototypes requested by Bosch in late 2011, and no evidence suggests that Bosch has ever returned the prototypes it received from Maxtech. (Smith Decl. ¶¶1-2). Hence, the sister prototype is the best physical sample available to Maxtech in support of its claims and is functionally identical to the second one provided to Bosch. At Bosch's request, the sister prototype was brought to four separate depositions for inspection (Exhibit B) and was, also at Bosch's request, operated by Mark Smith during his deposition (Smith Decl. ¶2).

### B. Bosch Has Mischaracterized Certain Facts

First, in its Response to Maxtech's Statement of Additional Facts, Bosch deliberately attempts to mislead this Court with regard to both Maxtech's litigation conduct and critical factual components of Maxtech's claims. Bosch's frequent references to dates associated with metadata throughout its Reply Memorandum and its Response to Maxtech's Statement of Additional Facts are both misplaced and deceptive. Just one of many examples, the metadata associated with a digitized copy of the spade bit drawing (Bosch Motion, MCP000144) created

by Satnam Singh and displayed at the Maxtech meeting with Bosch on June 20, 2007 is entirely irrelevant. Bosch insinuates that because the drawing is undated, the metadata for the *digital image* of the drawing plays serves as a benchmark this Court should use in evaluating when the drawing was first authored. (Bosch Resp. MSOAF ¶5). Namely, Bosch's references to the image's metadata implies that the drawing itself must have been created in December 2015 when it was scanned by Mark Smith during discovery and not prior to the June 20, 2007 meeting. Most critically, such an insinuation also suggests some impropriety on the part of Maxtech and/or its counsel. Metadata has **no bearing** on the date of authorship of a physical document. Metadata of a purely digital document arguably offers information regarding when such a document was authored, but the metadata date of merely a scan or copy of a physical document or drawing only provides the date the subsequent scan or copy was generated, not the date the original document was drafted. (Smith Decl. ¶5). Hence, the Singh drawing December 2015 metadata date is not indicative of when the drawing was actually created; the drawing in its original form had no metadata associated with it until Mr. Smith scanned the document in order to provide it to Maxtech and Bosch counsel. (Smith Decl. ¶¶4, 6-7).

Furthermore, the litigation process itself, driven in large part by Bosch's own discovery requests, necessitated the creation of digital versions of numerous physical copies of or original documents, which will *always* have dates that reflect only when the *digital* file was created. Bosch's metadata argument is carefully crafted to distort the facts before this Court and is pervasive throughout Bosch's reply and fact responses. Such an argument should be disregarded, in its entirety, particularly to the extent it relates to dating digital copies of documents that were necessarily scanned and copied in response to the discovery conducted in this litigation.

Second, in its Response to Maxtech's Statement of Additional Facts ¶25, Bosch further misstates facts regarding its contention that Bosch and Maxtech "jointly developed" the shell

packaging process. Bosch states that it "paid for the manufacturing equipment as well as Maxtech's costs for materials," implying, incorrectly, that this investment was significant and necessarily correlates to a high level of Bosch involvement in and direction of a joint development effort with Maxtech. Yet, Allen Pendergraph explicitly testified ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (as compared to the $355,000 Maxtech spent developing the packaging process). (Pendergraph Dep. 14:7-15:10; Exhibit C: Maxtech Resp. to Bosch Interrogatory No. 14).

        Respectfully submitted,

        */s/ Paul K. Vickrey*
        Paul K. Vickrey (vickrey@niro.law)
        Patrick F. Solon (solon@niro.law)
        Gretchen L. Schmidt (gschmidt@niro.law)
        NIRO LAW, LTD.
        181 West Madison Street, Suite 4600
        Chicago, Illinois 60602
        Tel.:   (312) 236-0733
        Fax:   (312) 236-3137

        *Attorneys for Plaintiff,*
        *Maxtech Consumer Products, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2017 the foregoing

**MAXTECH CONSUMER PRODUCTS, LTD.'S SURREPLY MEMORANDUM IN OPPOSITION TO BOSCH'S MOTION FOR SUMMARY JUDGMENT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

| | |
|---|---|
| Alan N. Salpeter<br>Dina Hayes<br>Michelle Marek<br>KAYE SCHOLER LLP<br>Three First National Plaza<br>70 West Madison Street, Suite 4200<br>Chicago, IL 60602<br>Tel.:  (312) 583-2300<br>Fax:  (312) 583-2360<br>Emails: alan.salpeter@kayescholer.com;<br>dina.hayes@kayescholer.com;<br>michelle.marek@kayescholer.com<br><br>Marisa Armanino Williams<br>KAYE SCHOLER LLP<br>3000 El Camino Real<br>Building 2, Suite 400<br>Palo Alto, CA 94306<br>Tel:  (650) 319-4500<br>Fax:  (650) 319-4700<br>Email: marisa.armanino@kayescholer.com | James S. Blank<br>KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, NY 10019<br>Tel:  (212) 836-8000<br>Fax:  (212) 836-8689<br>Email: james.blank@kayescholer.com<br><br>Paul I. Margulies<br>KAYE SCHOLER LLP<br>901 Fifteenth Street, NW<br>Washington, DC 20005<br>Tel:  (202) 682-3500<br>Fax:  (202) 682-3580<br>Email: paul.margulies@kayescholer.com<br><br>***Attorneys for Defendant Robert Bosch Tool Corp. and Robert Bosch GmbH*** |

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

*/s/ Paul K. Vickrey*
Attorneys for Maxtech Consumer Products, Ltd.
NIRO LAW, LTD.